# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RANDALL H. MIERZEJEWSKI, | ) | |
| Plaintiff, | ) | |
|  | ) | **CIVIL ACTION** |
| v. | ) | **NO. 14-40004-DHH** |
|  | ) | |
| HON. ANDREW L. MANDELL, et al., | ) | |
| Defendants. | ) | |

## ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

### July 21, 2014

Hennessy, M.J.

On January 13, 2014, Plaintiff Randall H. Mierzejewski ("Mierzejewski"), an inmate at the Worcester County House of Correction ("WCHC"), filed his twenty-five page, handwritten pro se complaint against the Worcester County House of Correction, the Worcester County Sheriff, two state court judges, and two prosecutors. In brief, Mierzejewski seeks monetary damages and an investigation into the alleged failure of the defendants to provide Mierzejewski with a speedy trial after his 2003 arraignment for breaking and entering.

On March 24, 2014, this Court issued a Memorandum and Order (Docket No. 14) granting Mierzejewski's Motion for Leave to Proceed *in forma pauperis*, denying his motion for counsel and noting that the complaint failed to state claims under the federal Civil Rights Act and the Americans with Disabilities Act. The Court explained that the Worcester County House of Correction is not a suable entity and that sovereign immunity bars official capacity civil rights claims for monetary damages. Plaintiff was advised that the judges and

prosecutors enjoy immunity from suit and that the claims against Sheriff Evangelidis were subject to dismissal because they failed to allege his personal involvement in the alleged constitutional violations.

In light of this, Mierzejewski was directed to show cause within 42 days of the date of the Memorandum and Order why this action should not be dismissed for failure to state a claim upon which relief may be granted.

In response, on March 26, 2010, Mierzejewski filed a Motion to Show Cause (Docket No. 17), in which argues that his complaint should not be dismissed.

ORDER FOR REASSIGNMENT

For the reasons stated in the Court's March 24th Memorandum and Order, and plaintiff having failed to show good cause why this action should not be dismissed, this Court will direct that the file be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

RECOMMENDATION TO THE DISTRICT JUDGE

In his Motion to Show Cause, Mierzejewski argues that his complaint should not be dismissed.  See Docket No. 17.  He explains that his imprisonment creates an "extreme hardship and hinders [his] ability to try and maintain a very complex civil action to recover damages for an erroneous felony conviction, and obstructs meaningful legal research."  Id. at p. 6.  Because of this, he asks for reconsideration of his motion for appointment of counsel. Id. at p. 9.

Because the Memorandum and Order advised Mierzejewski that his claims are barred by the Rooker-Feldman doctrine and Heck, he asks for the instant action to be "transferred to

2

the state court so that [plaintiff] can file a writ of habeas corpus there, amend his complaint or renew the complaint in the Superior Court either in Worcester or Suffolk County Superior Court to preserve the status quo on the date of the filing of this action as of on January 13, 2014." Id. at p. 8.

Mierzejewski argues that the defendants "lost sovereignty, jurisdiction, and lost the violation of criminal conduct when, it violated [plaintiff's] 'speedy trial rights, when they failed to take reasonable action to prevent undue delay in brining a defendant to trial.'" Id. at p. 2. Mierzejewski states that the judge and prosecutors "acts or inactions [were] outside [the] scope of their jurisdiction." Id. at p. 3. He alleges that the judge and prosecutors "should have known that their failure to use 'due diligence' to ensure a speedy trial would violate [plaintiff's rights]." Id. at p. 4.

Mierzejewski complains that the defendants actions were "unfair and deceptive [in violation of ] M.G.L. c. 93A" and amounted "to Negligence, Legal Malpractice, by Acts or failures to Act/Deliberate Indifference to Serious Constitutional Needs in the Fair Administration of Justice Consistent with Court Rules of Procedure, Procedural Due Process, Due Process and to the Equal Protection of these Court Rules . . ." Id. at p. 3. He argues that he raised in his complaint "'Federal Questions' as to all defendants, including Sheriff Evangelidis. Id. at p. 5.

After carefully reviewing Mierzejewski's Motion to Show Cause, I find that he failed to demonstrate any reason why this action should not be dismissed. Thus, in accordance with this Court's order dated March 24, 2014, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court

3

recommends that this action be dismissed.

## NOTICE OF RIGHT TO OBJECT

Mierzejewski is hereby advised that, under the provisions of Federal Rule of Civil Procedure 72, if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court <u>within fourteen days of his receipt of this recommendation</u>. The written objections must specifically identify the portion of the proposed recommendation to which objections are made and the basis for such objections. Mierzejewski is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review.  See <u>Keating v. Secretary of Health and Human Services</u>, 848 F.2d 271 (1st Cir.1988); <u>United States v. Emiliano Valencia-Copete</u>, 792 F.2d 4 (1st Cir.1986); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-379 (1st Cir.1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir.1980); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action shall be <u>REASSIGNED</u> to a District Judge; and

2. This Court RECOMMENDS to the District Judge to whom this case is assigned that Plaintiff's Motion to Show Cause (Docket No. 17) be <u>DENIED</u> and that this action be <u>DISMISSED</u>.

So ordered.

                                                  /s/ David H. Hennessy
                                                  David H. Hennessy
                                                  UNITED STATES MAGISTRATE JUDGE